UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRIAN ALLEN PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00882-SEB-CSW |
| | ) | |
| CARTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Unopposed Motions for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Brian Phillips filed this action contending that his constitutional rights were violated while he was incarcerated at the New Castle Correctional Facility ("NCCF"). Specifically, Mr. Phillips alleges that the defendants exhibited deliberate indifference to his medical needs when he suffered a stroke. Defendants move for summary judgment arguing that Mr. Phillips failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motions for summary judgment are **GRANTED** and the action is **DISMISSED WITHOUT PREJUDICE.**

**I.
Summary Judgment Standard**

Parties in a civil dispute may move for summary judgment, which is a way to resolve a case short of a trial. See Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id*.

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the materials cited by the parties, see Fed. R. Civ. P. 56(c)(3); it need not "scour every inch of the record" for evidence that might be relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. Indeed, "[t]he court has no duty to search or consider any part of the record not specifically cited" in accordance with the local rules. S.D. Ind. L.R. 56 1(h); see S.D. Ind. L.R. 56 1(e) ("A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. . . . The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence.").

2

Mr. Phillips failed to respond to the summary judgment motions. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. See S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

At the time Mr. Phillips alleges that he was denied care for a stroke, he was confined at NCCF, but shortly after the incident, he was transferred to Miami Correctional Facility ("MCF"). Dkt. 31-4 ¶ 11 (Rutledge Aff.).

### A.  Offender Grievance Process

The IDOC has a standardized offender grievance process which was in place at NCCF and MCF during the time Mr. Phillips alleges his rights were violated. Dkt. 31-4 ¶ 6; dkt. 31-5 ¶ 6 (Gapski Aff.).

IDOC Policy and Administrative Procedures 00-02-301, Offender Grievance Process ("Offender Grievance Process") is the IDOC policy governing the grievance procedure and details how a prisoner must exhaust his administrative remedies using that procedure. Dkt. 31-1 (Offender Grievance Process).  During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. Dkt. 31-4 ¶ 6. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. *Id*. ¶ 7.

3

If the inmate receives no grievance response within twenty business days of the grievance specialist's receipt of the grievance, the inmate may appeal as though the grievance had been denied. Dkt. 31-5 ¶ 15. If the inmate is dissatisfied with the grievance response, he may appeal the response by completing the grievance appeal form. *Id.* The grievance appeal must be submitted to the grievance specialist within five business days after the date of the grievance response. *Id.*

During the orientation process and after arriving at NCCF and MCF, inmates receive information on the Offender Grievance Process. Dkt. 31-4 ¶ 8; dkt. 31-5 ¶ 8. Inmates also have access to a current copy of the policy in the facility law library and can request a copy at any time. Dkt. 31-4 ¶ 8; dkt. 31-5 ¶ 8.

### B.  Mr. Phillips's Participation in the Grievance Process

On February 17, 2023, while at NCCF, Mr. Phillips submitted a grievance complaining that on February 8, 2023, he suffered what he believed was a stroke. Dkt. 34-3 at 3. Mr. Phillips wrote that he was taken to medical, but that Dr. Carter sent him back to his cell and told him he was faking the stroke. *Id.* He was sent to the hospital the next day. *Id.* For relief, Mr. Phillips asked for the medical staff to be held accountable and for compensation for his pain and suffering from his injury. *Id.*

Mr. Phillips was transferred to MCF on March 1, 2023, before he received a response to his grievance. *See* dkt. 31-4 ¶ 11. When an inmate is transferred to MCF, Michael Gapski, the grievance specialist at MCF, coordinates with the transferring facility's grievance specialist to facilitate a response to any previously-filed grievances. Dkt. 34-5 ¶ 13. About a week after Mr. Phillips's transfer to MCF, Shane Nelson, NCCF's grievance specialist, notified Mr. Gapski that his office had received a grievance from Mr. Phillips. *Id.* at ¶ 16. Mr. Nelson sent Mr. Gapski the NCCF response denying the grievance on March 26 and Mr. Gapski forwarded the response

to Mr. Phillips the next day. *Id.* ¶ 18-19. In the grievance response, a staff member recounted the treatment that Mr. Phillips received, and Mr. Nelson stated, "Grievance addressed." Dkt. 34-3 at 1. There is no record that Mr. Phillips appealed this grievance. Dkt. 31-4 ¶ 11.

### III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). "To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Phillips] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id*. (internal quotation omitted).

Defendants have met their burden of proving that Mr. Phillips "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The undisputed record

5

reflects that Mr. Phillips was made aware of the grievance process. Dkt. 31-4 ¶ 8; dkt. 31-5 ¶ 8. It is also undisputed that, when Mr. Phillips filed a grievance regarding his medical care, this grievance was denied, and the denial was provided to him after his transfer to MCF. Dkt. 34-5 ¶ 18-19. There is no record that Mr. Phillips appealed this denial. Dkt. 31-4 ¶ 11. By failing to respond to the motions for summary judgment, Mr. Phillips has failed to identify a genuine issue of material fact supported by admissible evidence that counters the facts established by Defendants.

In short, Mr. Phillips did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Defendants must be dismissed without prejudice. *Id*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the above reasons, Defendants' unopposed motions for summary judgment, dkt. [31], dkt. [34], dkt. [36], are **GRANTED**. Defendant Rampallo's renewed motion for summary judgment, dkt. [47], is **denied as unnecessary**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date:  5/10/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

6

Distribution:

BRIAN ALLEN PHILLIPS
226590
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

All Electronically Registered Counsel